## EBERHART et al. v. TEXAS CO.

Circuit Court of Appeals, Fifth Circuit.
December 6, 1929.

No. 5488.

Lamar C. Rucker and Abit Nix, both of Athens, Ga. (Erwin, Erwin & Nix, of Athens, Ga., on the brief), for appellants.

I. S. Hopkins, of Atlanta, Ga. (Slaton & Hopkins, of Atlanta, Ga., on the brief), for appellee.

Before WALKER, BRYAN, and FOSTER, Circuit Judges.

FOSTER, Circuit Judge. This is an appeal from a judgment dismissing on motion a bill seeking specific performance of a sale of real estate. The bill as amended, together with the exhibits, substantially shows the following allegations as to the material facts most favorable to appellants: Appellants own certain real estate in the city of Athens, Ga., and offered it for sale to appellee, through Andrew C. Erwin, a real estate broker. In the course of the negotiations Erwin executed a document, which, omitting the description of the property, is as follows:

"Georgia, Clarke County.

"For and in consideration of Five (5.00) Dollars in hand paid, receipt of which is hereby acknowledged, we hereby give Andrew C. Erwin, an option for thirty days to sell as our agent for the sum of Fifty-Three Thousand Seven Hundred Fifty and no/100 ($53,-750.00) Dollars net to us, all of the following described property located in the City of Athens, Clarke County, Georgia.

"Forty feet of the second described property on Washington St. is vacant with exception of a vulcanizing shop in rear. If said Erwin can sell the properties for Fifty Thousand Dollars cash, allowing us to retain said vacant lot and vulcanizing shop, within the period of this option, we agree to pay said Erwin a commission of Twenty-Five Hundred ($2,500.00) Dollars.

"In event of a sale as outlined above, we agree to pay all liens of every description against said properties and make good war-

rantee title in fee simple to the purchasers of said properties. These options to expire at midnight March 25th, 1927.

"This 25th day of February, 1927.

"Lamar E. Scott.

"By W. S. Eberhart.

"W. S. Eberhart."

Thereafter F. T. Manley, sales manager of appellee, with an office at Houston, Tex., and J. S. Jones, district sales manager for the Atlanta district, visited Athens, and had a meeting with Eberhart, one of appellants, in the office of Erwin. The writing above set out, designated as Exhibit A, was shown to Jones and Manley, and they agreed to purchase the property described therein for the Texas Company for the gross sum of $55,000. Erwin, Manley, and Jones are alleged to be agents of appellee, with authority to purchase the property. Manley and Jones secured the title deeds to the property, and sent them to Atlanta to be examined by their attorneys. Thereafter the title deeds were returned to appellants, and a telegram was sent to Erwin stating in substance that, while the trade was made in good faith by both parties, the approval was brought about by an error, attributable solely to the telegraph company, in a telegram sent to Manley, and appellee declined to consummate the sale.

The Georgia Statute of Frauds (Civ. Code 1910, § 3222, subsec. 4) is as follows:

"3222. Obligations which must be in writing. To make the following obligations binding on the promisor, the promise must be in writing, signed by the party to be charged therewith, or some person by him lawfully authorized, viz.:

"4. Any contract for sale of lands, or any interest in, or concerning them."

Appellees invoked the statute in support of the motion to dismiss.

It is apparent that no writing consummating the sale was signed by appellees or any one authorized to bind it, conceding that Erwin, Jones, and Manley were all authorized to do so as alleged in the bill. It is impossible to construe the above set out document as a contract of sale between appellants and appellee. At most it was an option given to Erwin to sell the property, and did not contain any promise to buy on behalf of appellee. In view of the statute, it could not be converted into a contract of sale by any parol ratification on the part of Jones and Manley. The telegram sent to Manley by the appellee disapproved the sale, but an error of the telegraph company in forwarding it from Augusta to Athens made it appear that the sale was approved. The telegraph company was not an agent of appellee for the purchase of the property, and appellee could not be bound by any error made by the telegraph company in transmitting the message. There was never any meeting of the minds of the parties in regard to the sale. It follows that the judgment dismissing the bill was right, and should be affirmed. Citation of authority is unnecessary to support this conclusion.

Affirmed.